UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RESORT BNB INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>BRANCH BANKING AND TRUST COMPANY,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-01784-KMW-EAP<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion of defendant Truist Bank ("Defendant") to dismiss the Complaint of plaintiff Resort BNB Incorporated ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6)[1]; and

**THE COURT NOTING** that Plaintiff's Complaint was initially filed in the Superior Court of New Jersey (Chancery Division, Gloucester County), but was subsequently removed by Defendant to this Court on March 29, 2023[2]; and

**THE COURT FURTHER NOTING** that Defendant filed the instant Motion to Dismiss on May 3, 2023, which Plaintiff has opposed; and

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not suffice if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

[2] Defendant's removal of this action was predicated on the Court's diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1441(a).

**THE COURT FURTHER NOTING** that Plaintiff has apparently declined to amend its Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B); and

**THE COURT FINDING** that Plaintiff's Complaint fails to satisfy the minimum pleading standard under Federal Rule of Civil Procedure 8(a)[3];

**IT IS** this **19th** day of **December 2023** hereby

**ORDERED** as follows:

A. Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**;

B. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

C. Plaintiff shall file an Amended Complaint within **21 days** from the date of this Order.[4]

                                                                            */s/ Karen M. Williams*
                                                                            KAREN M. WILLIAMS
                                                                            U.S. DISTRICT COURT JUDGE

---

[3] In its Opposition to Defendant's Motion, Plaintiff submits that the Complaint "clearly" states claims for breach of contract and "wrongful freeze." *See* Pl.'s Opp. Br. at 2–4. Plaintiff is mistaken. Beyond containing just eight paragraphs of scantly alleged factual matter, the Complaint does not purport to assert any cause of action at all, much less the ones Plaintiff's Opposition now suggests. *See Twombly*, 550 U.S. at 555 (noting "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'"). Notwithstanding Plaintiff's position, it simultaneously appears to concede these deficiencies, pointing out that its Complaint was initially filed in New Jersey state court where "a complaint must be searched in depth and with liberality to determine if a cause of action can be gleaned." *Id.* Federal courts occasionally employ a similar approach to pleadings, but only where unrepresented litigants are involved. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (citations and quotation marks omitted)). Plaintiff is entitled to no such deference because it is represented by counsel. Though, the Court is not convinced that even a liberal construction would rescue its Complaint. *See, e.g.*, *Larson v. Two Farms/Royal Farms #330*, No. 22-01007, 2022 WL 2619856, at *3 (D.N.J. July 8, 2022) (dismissing *pro se* complaint) ("But even construing the Amended Complaint liberally, Plaintiff has failed to allege, or even identify, the elements of these claims, let alone plead sufficient facts to state a claim.").

[4] To the extent Plaintiff's Opposition seeks to have this matter remanded to state court, the Court declines to address such arguments. Not only has Plaintiff failed to timely move for remand under 28 U.S.C. § 1447(c), but its Opposition fails to cite to any authority whatsoever demonstrating its entitlement to such relief. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (stating that arguments "consisting of no more than a conclusory assertion" lacking supporting citations "will be deemed waived").